Abran E. Vigil
Nevada Bar No. 7548
Holly Ann Priest
Nevada Bar No. 13326
Joseph P. Sakai
Nevada Bar No. 13578
BALLARD SPAHR LLP
100 North City Parkway, Suite 1750
Las Vegas, Nevada 89106
Telephone: (702) 471-7000
Facsimile: (702) 471-7070
vigila@ballardspahr.com
priesth@ballardspahr.com
sakaij@ballardspahr.com

*Attorneys for Plaintiff JP Morgan Chase Bank, N.A.*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JPMORGAN CHASE BANK, N.A., a national banking association,<br><br>Plaintiff,<br><br>vs.<br><br>SBW INVESTMENT LLC, a Utah limited liability company; SFR INVESTMENTS POOL 1, LLC, a Nevada limited liability company; TIMBER CREEK HOMEOWNERS' ASSOCIATION, a Nevada non-profit corporation; EDUARDO A. PALANG, JR., an individual; VIVIAN KIM, an individual,<br><br>Defendants. | Case No.<br><br>JPMORGAN CHASE BANK, N.A.'S COMPLAINT |

Plaintiff JPMorgan Chase Bank, N.A., by and through its counsel of record, Ballard Spahr LLP, hereby complains against SFR Investments Pool 1, LLC, SBW Investment LLC, Timber Creek Homeowners' Association, Eduardo A. Palang, Jr. and Vivian Kim as follows:

DMWEST #14663901 v2

I.   The Parties, Jurisdiction and Venue

1. JPMorgan Chase Bank, N.A. ("Chase"), is a national banking association headquartered in Ohio.

2. Upon information and belief, SFR Investments Pool 1, LLC ("SFR") is a Nevada limited liability company with its principal place of business in Nevada, and is wholly owned by SFR Funding, LLC, a Delaware LLC, which is wholly owned by Canadian Entity, Xieman LP. Xieman LP consists of partners Xieman Investments, Ltd, a Canadian corporation and an individual, John Gibson, who is a citizen of South Africa. (*See Nationstar Mortgage LLC v. Flamingo Trails No. 7 Landscape Maintenance Association Inc., et al.* Case no. 2:15-cv-01268-RFB-NJK at ECF No. 50-1).

3. Upon information and belief, Defendant SBW Investment LLC ("SBW"), is a Utah limited-liability company.

4. Upon information and belief, Defendant Timber Creek Homeowners' Association ("Timber Creek" or the "HOA"), is a Nevada non-profit corporation.

5. Upon information and belief, Eduardo A. Palang, Jr. is an individual residing in the County of Clark, Nevada.

6. Upon information and belief, Vivian Kim is an individual residing in the County of Clark, Nevada.

7. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(3) because, upon information and belief, there is complete diversity of citizenship between Chase and each defendant, and the amount in controversy exceeds $75,000.

8. The Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this matter involves the federal question of Constitutionality and statutory preemption.

9. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1)-(2) because defendants reside in this district; a substantial part of the events or omissions giving rise to these claims occurred in this district; and the property that is the subject of this action is situated in this district.

10. The Court has personal jurisdiction over SFR because this lawsuit arises out of and is connected with SFR's purposeful purchase of an interest in real property situated in the County of Clark, State of Nevada and, upon information and belief, SFR is a Nevada limited liability company.

11. The Court has personal jurisdiction over SBW because this lawsuit arises out of and is connected with SBW's purposeful purchase, and subsequent conveyance, of an interest in real property situated in the County of Clark, State of Nevada.

12. The Court has personal jurisdiction over Timber Creek because this lawsuit arises out of and is connected with Timber Creek's purposeful sale of an interest in real property situated in the County of Clark, State of Nevada, and upon information and belief, Timber Creek is a Nevada non-profit corporation.

13. The Court has personal jurisdiction over Eduardo A. Palang, Jr. because this lawsuit arises out of and is connected to his ownership in real property situated in the County of Clark, State of Nevada.

14. The Court has personal jurisdiction over Vivian Kim because this lawsuit arises out of and is connected with her ownership in real property situated in the County of Clark, State of Nevada.

15. Timber Creek is joined as a party pursuant to Fed. R. Civ. P. 19(a) even though there are no substantive claims alleged against Timber Creek.

16. Eduardo A. Palang, Jr. and Vivian Kim (the "Borrowers") are joined as parties pursuant to Fed. R. Civ. P. 19(a) even though there are no substantive claims alleged against them.

BALLARD SPAHR LLP
100 NORTH CITY PARKWAY, SUITE 1750
LAS VEGAS, NEVADA 89106
(702) 471-7000 FAX (702) 471-7070

17. SBW is joined as a party pursuant to Fed. R. Civ. P. 19(a) even though there are no substantive claims alleged against SBW.

## II. FACTUAL BACKGROUND

*Congress Authorizes the FHA Insurance Program*

18. Congress created the Federal Housing Authority ("FHA") in 1934 and it became part of the Department of Housing and Urban Development ("HUD") in 1965.

19. Congress has authorized HUD to insure privately-issued mortgages on single family homes, commonly referred to as FHA insurance to further its congressional mandate to make decent housing available to all citizens. *See* 12 U.S.C. § 1709.

20. The Congressional purpose of the FHA insurance program is to insure loans to entice private lenders to extend loans to borrowers that the lenders would otherwise find too risky—i.e., to insure loans such that private lenders extend loans to low to moderate income families. *See* 42 U.S.C. § 1441; 12 U.S.C. §§ 1701t & 1709.

*The Property and the Deed of Trust*

21. This action relates to the parties' respective rights in real property commonly described as 5531 Gemini Bridges Street, Las Vegas, Nevada 89130; Assessor's Parcel Number 125-35-111-004 (the "Property"). The Property is legally described as follows:

> Lot Four (4) in Block One (1) of Ann 17 as shown by map thereof recorded in Book 134 of Plats, Page 62, in the Office of the County Recorder of Clark County.

22. On or about May 30, 2008, the deed evidencing the conveyance of the Property to the Borrowers was recorded in the Official Records of the Clark County Recorder.

23. On or about May 30, 2008, a deed of trust (the "Deed of Trust") securing a loan in the amount of $288,117 (the "Loan") was recorded as Book and Instrument Number 200805300004783 in the Official Records of the Clark County Recorder,

showing: Borrowers as the borrowers; Pulte Mortgage, LLC, as lender; Mortgage Electronic Registration Systems, Inc. ("MERS") as beneficiary solely as nominee for the lender; and Lawyers Title of Nevada as trustee.

24. On or about April 1, 2010, the Borrowers defaulted under the Loan and Deed of Trust.

25. The Deed of Trust and the Loan are and at all relevant times were FHA insured – i.e., the Loan is an FHA loan and the Deed of Trust securing the Loan is therefore also federally insured.

26. On or about July 23, 2012, MERS assigned the Deed of Trust to Chase. A Corporate Assignment of Deed of Trust was recorded as Book and Instrument Number 201207230000248 in the Official Records of the Clark County Recorder.

*The HOA Foreclosure*

27. On or about March 25, 2010, Nevada Association Services, Inc. ("NAS"), on behalf of Timber Creek, recorded a Notice of Delinquent Assessment Lien ("First Lien"), on the Property as Book and Instrument Number 201003250002376 in the Official Records of the Clark County Recorder.

28. On or about May 26, 2010, NAS recorded a Notice of Default and Election to Sell Under Homeowners Association Lien, on the Property as Book and Instrument Number 201005260001131 in the Official Records of the Clark County Recorder.

29. On or about October 7, 2010, NAS recorded a Notice of Trustee's Sale, on the Property as Book and Instrument Number 201010070003352 in the Official Records of the Clark County Recorder.

30. On or about October 26, 2010, NAS recorded a Release of Notice of Delinquent Assessment Lien on the Property as Book and Instrument Number 20100260001589 and a Notice of Rescission as Book and Instrument Number

201010260001590 in the Official Records of the Clark County Recorder, releasing and rescinding the First Lien.

31. On or about June 30, 2011, NAS recorded another Notice of Delinquent Assessment Lien ("Second Lien") on the Property as Book and Instrument Number 201106300001274 in the Official Records of the Clark County Recorder.

32. On or about August 24, 2011, NAS recorded a Notice of Default and Election to Sell Under Homeowners Association Lien ("NOD"), on the Property as Book and Instrument Number 201108210000810 in the Official Records of the Clark County Recorder.

33. On or about February 29, 2012, NAS recorded a Notice of Trustee's Sale ("NOS"), on the Property as Book and Instrument Number 201202290001027 in the Official Records of the Clark County Recorder. The NOS set the HOA Foreclosure Sale date for the Property for March 30, 2012.

34. Upon information and belief, NAS did not provide any notices to Chase.

35. Upon information and belief, Timber Creek did not provide any notices to Chase.

36. Upon information and belief, NAS did not conduct the foreclosure sale of the Property on the date listed in the NOS – March 30, 2012.

37. Upon information and belief, NAS did not notify Chase of the postponement of its foreclosure sale of the Property.

38. Upon information and belief, NAS conducted the foreclosure sale of the Property ("HOA Foreclosure Sale") on August 3, 2012.

39. Upon information and belief, SBW purchased the Property for $6,900 at the HOA Foreclosure Sale.

40. Upon information and belief, at the time of the HOA Foreclosure Sale, the fair market value of the Property was approximately $181,000.

41. The sale price at the HOA Foreclosure Sale is grossly inadequate when compared to the debt on the Loan and the fair market value of the Property at the time of the HOA Foreclosure Sale.

42. Upon information and belief, neither the Second Lien, NOD, nor the NOS identified what portion of the lien, if any, constituted a "super-priority" lien.

43. On or about August 9, 2012, NAS recorded a Trustee's Deed Upon Sale as Book and Instrument Number 201208090000685 in the Official Records of the Clark County Recorder.

44. On or about April 5, 2013, SBW conveyed the Property to SFR via Grant, Bargain, Sale Deed as Book and Instrument Number 201304050001727.

45. The HOA Foreclosure Sale occurred August 3, 2012, which is before the Nevada Supreme Court issued its decision in *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev. __, 334, P.3d 408 (2014) (the "*SFR* Decision").

46. The HOA Foreclosure Sale is void, voidable, or otherwise insufficient to extinguish the deed of trust because the sale was tainted by fraud, oppression and unfairness.

47. From 2012 through 2014, after the HOA Foreclosure Sale, Chase made property preservation payments including, but not limited to, county tax payments and homeowners insurance payments.

48. Upon information and belief, the current fair market value of the Property is approximately $290,814.

49. The current unpaid principal balance on the Loan is approximately $281,181.84.

50. Upon information and belief, SFR maintains that it has an interest in the Property.

### III. FIRST CLAIM FOR RELIEF
(Declaratory Relief)

51. Chase repeats paragraphs 1 through 50.

52. Pursuant to 28 U.S.C. § 2201 and pursuant to NRS 40.010, this Court has the power and authority to declare Plaintiff's rights and interests in the Property.

53. The FHA-insured Deed of Trust is a first secured interest on the Property.

54. The Supremacy Clause preempts conflicting state laws when there is an actual conflict between the relevant state law and federal law, and NRS Chapter 116 *et seq.* conflicts with the federal FHA program.

55. The Supremacy Clause preempts a state law that stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress; NRS Chapter 116 *et seq.* stands as an obstacle to the full purposes and objectives of the FHA program.

56. Pursuant to the Supremacy Clause of the United States Constitution, the HOA Foreclosure Sale could not extinguish Chase's federally insured Deed of Trust.

57. Chase is entitled to a determination from this Court, pursuant to 28 U.S.C. § 2201 and NRS 40.010, that the Supremacy Clause preempts the HOA Foreclosure Sale from extinguishing Chase's federally insured Deed of Trust and that any purported interest acquired by SFR through the Quitclaim Deed is subject to Chase's federally insured Deed of Trust.

58. The federal government had an interest in the Property due to the Loan and federally insured Deed of Trust.

59. The Property Clause of the United States Constitution prohibits the HOA Foreclosure Sale, and SFR's subsequent interest in the Property, from extinguishing the federal government's interest in the Property.

60. Timber Creek did not provide notice to Chase of the HOA Foreclosure Sale.

61. The *SFR* decision cannot be applied retroactively and the HOA Foreclosure Sale in this case did not extinguish Chase's first position deed of trust.

62. In addition, the HOA Foreclosure Sale is void due to the grossly inadequate sale price.

63. The HOA did not provide property notice to Chase.

64. The HOA Foreclosure Sale deprived Chase and/or its predecessors of its right to due process under the United States and Nevada Constitutions.

## IV. SECOND CLAIM FOR RELIEF
### (Quiet Title)

65. Chase repeats paragraphs 1 through 64.

66. Pursuant to 28 U.S.C. § 2201 and NRS 40.010, this Court has the power to resolve the adverse claims in the Property.

67. SFR claims an interest in the Property that is adverse to Plaintiff's claimed interest in the Property.

68. Plaintiff's federally-insured first position Deed of Trust cannot be extinguished by the HOA's Foreclosure Sale because the Supremacy Clause of the United States Constitution preempts NRS Chapter 116.

69. The federal government had an interest in the Property due to the Loan and the federally insured Deed of Trust.

70. The Property Clause of the United States Constitution prohibits the HOA Foreclosure Sale, and SFR's subsequent interest in the Property, from extinguishing the federal government's interest in the Property.

71. Timber Creek did not provide notice to Chase of the HOA Foreclosure Sale.

72. The *SFR* decision cannot be applied retroactively and the HOA Foreclosure Sale in this case did not extinguish Chase's first position deed of trust.

73. In addition, the HOA Foreclosure Sale is void due to the grossly inadequate sale price.

74. The HOA did not provide proper notice to Chase.

75. The HOA Foreclosure Sale deprived Chase and/or its predecessors of its right to due process under the United States and Nevada Constitutions.

76. Plaintiff has furthermore been required to retain counsel and is entitled to recover reasonable attorney's fees and costs.

## V. THIRD CLAIM FOR RELIEF
### (Unjust Enrichment versus SFR)

77. Plaintiff repeats paragraphs 1 through 76.

78. If it is determined that Chase's federally insured Deed of Trust has been extinguished by the HOA Foreclosure Sale, SFR has been unjustly enriched, in that Chase has continued to expend funds and resources to maintain and preserve the Property, to the detriment of Chase, and contrary to fundamental principles of fairness, justice, and fair dealing.

79. Plaintiff is entitled to recoup the reasonable amount of benefits obtained by Chase based on the theory of unjust enrichment.

80. Plaintiff has furthermore been required to retain counsel and is entitled to recover reasonable attorney's fees and costs.

## VI. PRAYER

Wherefore, Plaintiff prays for judgment against SFR and the HOA as follows:

1. For a declaration and determination that Plaintiff's interest in the Property was not extinguished by the HOA Foreclosure Sale;

2. For a declaration and determination that the HOA Foreclosure Sale is void or voidable;

3. For a preliminary and permanent injunction prohibiting SFR, its successors, assigns, and agents from conducting any sale, transfer or encumbrance of the Property;

4. For a preliminary injunction requiring SFR, its successors and assigns, to pay all taxes, insurance and homeowners association dues during the pendency of the action;

5. For a preliminary injunction requiring SFR, its successors and assigns, to segregate and deposit all rents with the Court or a Court-approved trust account over which SFR has no control during the pendency of the action;

6. If it is determined that Plaintiff's federally insured Deed of Trust has been extinguished by the HOA Foreclosure Sale, for special damages in the amount of the fair market value of the Property or the unpaid balance of the Loan and Deed of Trust, together with all amounts advanced by Chase, including but not limited to, amounts advanced for taxes, insurance, and maintenance of the Property, whichever is greater;

7. For all fees and costs of court incurred herein, including post-judgment costs; and,

8. For any and all further relief deemed appropriate by this Court.

Dated: August 3, 2016.

BALLARD SPAHR LLP

By:_____
Abran E. Vigil
Nevada Bar No. 7548
Holly Ann Priest
Nevada Bar No. 13226
Joseph P. Sakai
Nevada Bar No. 13578
100 North City Parkway, Suite 1750
Las Vegas, Nevada 89106
*Attorneys for Plaintiff JPMorgan Chase Bank, N.A.*

11