Abran E. Vigil
Nevada Bar No. 7548
Sylvia O. Semper
Nevada Bar No. 12863
Kyle A. Ewing
Nevada Bar No. 14051
BALLARD SPAHR LLP
100 North City Parkway, Suite 1750
Las Vegas, Nevada 89106
Telephone: (702) 471-7000
Facsimile: (702) 471-7070
vigila@ballardspahr.com
sempers@ballardspahr.com
ewingk@ballardspahr.com

*Attorneys for Plaintiff JP Morgan Chase Bank, N.A.*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JPMORGAN CHASE BANK, N.A., a national banking association,<br><br>Plaintiff,<br><br>vs.<br><br>SBW INVESTMENT LLC, a Utah limited liability company; SFR INVESTMENTS POOL 1, LLC, a Nevada limited liability company; TIMBER CREEK HOMEOWNERS' ASSOCIATION, a Nevada non-profit corporation; EDUARDO A. PALANG, JR., an individual; VIVIAN KIM, an individual,<br><br>Defendants. | Case No. 2:16-cv-01839-GMN-PAL<br><br>**STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>(Submitted pursuant to Court Order, ECF No. 57) |

Pursuant to this Court's November 7, 2017 Order (ECF No. 57), Plaintiff/Counterdefendant JPMorgan Chase Bank, N.A. ("Chase"), Defendant/Counterclaimant SFR Investments Pool 1, LLC, ("SFR"), and Defendant Timber Creek Homeowners Association ("Timber Creek") (collectively, the "Parties") hereby submit the following Stipulated Discovery Plan and Proposed Scheduling Order.

///

DMWEST #14663901 v2

I. RULE 26(f) CONFERENCE

On October 25, 2016, the Parties conducted a discovery and scheduling order conference (the "Conference") to discuss all issues required by Fed R. Civ. P. 26(f). Joseph P. Sakai, Esq., attended on behalf of Chase, Diana S. Ebron, Esq., attended on behalf of SFR, and Wing Yan Wong, Esq., attended on behalf of Timber Creek.

II. INITIAL DISCLOSURES [Rule 26(f)(3)(A)]

The Parties have each served initial disclosures.

III. SPECIAL SCHEDULING REVIEW REQUEST

The Parties are not requesting special scheduling review.

IV. DISCOVERY PLAN [Rule 26(f)(3)(B)]

On April 10, 2017, this Court entered an Order administratively staying this case "pending exhaustion of all appeals of *Bourne Valley Court Trust v. Wells Fargo Bank*, No. 15-15233 (9th Cir. Aug. 12, 2016)." (ECF No. 55). On November 7, 2017, the Court entered an Order lifting the stay and ordered the parties to submit a proposed scheduling order, as the discovery deadline had not passed at the time of the stay's entry. (ECF No. 57).

Discovery is needed on all issues in Chase's complaint and SFR's cross-claim/counterclaim and is expected to take approximately 180 days from November 7, 2017, the date this Court lifted the administrative stay.

    A. <u>Discovery Cut-Off</u> [LR 26-1(b)(1)]: May 7, 2018.

    B. <u>Deadline for amending pleadings and adding Parties</u> [LR 26-1(b)(2)]: Not extended because deadline had already passed before the stay was imposed

    C. <u>Deadline for disclosures of experts</u> [LR 26-1(b)(3)]:

        1. <u>Initial Expert Disclosures</u>: March 8, 2018.

        2. <u>Rebuttal Expert Disclosures</u>: April 9, 2018.

    D. <u>Interim Status Report</u> [LR 26-3]: March 8, 2018.

E. <u>Dispositive Motions</u> **[LR 26-1(b)(4)]**: June 6, 2018.

F. <u>Joint Pre-Trial Order</u> **[LR 26-1(b)(5)]**: July 6, 2018. Pursuant to LR 26-1(b)(5), if dispositive motions are filed, this date will be suspended until 30 days after decision of the dispositive motions or further order of the Court.

G. <u>Extensions or Modifications of the Discovery Plan and Scheduling Order [LR 26-4]:</u> A request for extension of this Discovery Plan and Scheduling Order shall be filed no later than twenty-one (21) days before the expiration of the subject deadline.

H. <u>Trial Estimate:</u> The Parties estimate 2-3 days for trial.

## V. ALTERNATIVE DISPUTE RESOLUTION [LR 26-1(b)(7)]

The Parties certify that they have met and conferred about the possibility of using alternative dispute resolution processes including mediation, arbitration, and early neutral evaluation.

## VI. ALTERNATIVE FORMS OF CASE DISPOSITION [LR 26-1(b)(8)]

The Parties certify that they have considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program.

## VII. DISCLOSURE OR DISCOVERY OF ELECTRONICALLY STORED INFORMATION [LR 26-1(b)(9); Rule 26(f)(3)(C)]

The Parties anticipate that production of computer-based or digital information may be needed. The Parties agree that the production of such information should be governed by the applicable provisions of the Federal Rules of Civil Procedure.

## VIII. CLAIMS OF PRIVILEGE OR PROTECTION [Rule 26(f)(3)(D)]

At this time, the Parties are unaware of any claims of privilege or of protection of trial preparation material that require a protective order.

3

The Parties agree that inadvertent production of otherwise privileged materials will not constitute a waiver of the applicable privilege, and that the items so designated shall be returned to the disclosing party and shall not be used for any purpose at trial. Any notice of inadvertent production or disclosure shall be (i) in writing and delivered to opposing counsel; (ii) made on the record in a deposition; or, (iii) asserted in open court. Failure to give notice prior to entry of a ruling on a dispositive motion shall be deemed waiver of the privilege, except that no settlement discussions or offers shall be disclosed for any reason before entry of judgment or award.

## IX. LIMITATIONS ON DISCOVERY [Rule 26(f)(3)(E)]

At this time, the Parties do not request any changes to the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Court's local rules.

## X. OTHER ORDERS [Rule 26(f)(3)(F)]

None.

## XI. LATER APPEARING PARTIES

This Discovery Plan and Scheduling Order shall apply to such later appearing Parties, unless a stipulation of the Parties is approved by the Court, or the Court otherwise orders on motion for good cause shown.

## XII. ADDITIONAL INFORMATION

The Parties agree to provide at least 30 days' notice prior to taking a deposition pursuant to Fed. R. Civ. P. 30(b)(6), unless otherwise agreed.

[*Remainder of page intentionally left blank*]

## XIII. COURT CONFERENCE

The Parties do not request a conference with the Court before the entry of this Discovery Plan and Scheduling Order.

Dated: November 28, 2017.

BALLARD SPAHR LLP

By: /s/ Sylvia O. Semper
   Abran E. Vigil
   Nevada Bar No. 7548
   Sylvia O. Semper
   Nevada Bar No. 12863
   Kyle A. Ewing
   Nevada Bar No. 14051
   100 North City Pkwy, Suite 1750
   Las Vegas, Nevada 89106

*Attorneys for Plaintiff JPMorgan Chase Bank, N.A.*

KIM GILBERT EBRON

BY: /s/ Diana S. Ebron
   Diana S. Ebron, Esq.
   Nevada Bar No. 10580
   Jacqueline A. Gilbert, Esq.
   Nevada Bar No. 10593
   Karen L. Hanks, Esq.
   Nevada Bar No. 9578
   7625 Dean Martin Drive, Suite 110
   Las Vegas, Nevada 89139

*Attorneys for Defendant/Counterclaimant SFR Investments Pool 1, LLC*

Gordon Rees Scully Mansukhani, LLP

By: /s/ Wing Yan Wong
   Robert S. Larsen, Esq.
   Nevada Bar No. 7785
   Wing Yan Wong, Esq.
   Nevada Bar No. 13622
   300 South Fourth Street, Suite 1550
   Las Vegas, Nevada 89101

*Attorneys for Defendant Timber Creek Homeowners Association*

**ORDER**

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE

Dated: November 30, 2017

5